# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>ESTHER SALAS<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING<br>COURTHOUSE<br>50 WALNUT ST.<br>ROOM 5076<br>NEWARK, NJ 07101<br>973-297-4887 |

December 14, 2012

**LETTER ORDER**

Re:   *Patton Boggs LLP v. Chevron Corporation*
       **Civil Action No. 12-901 (ES)**

Dear Counsel:

      Pending before this Court is Defendant Chevron Corporation's ("Chevron") motion to transfer this action to the Southern District of New York (the "SDNY") based on a related action that is pending before the Honorable Lewis A. Kaplan, United States District Judge (*Chevron Corp. v. Dozinger, et al.*, Case No. 11 Civ. 691 (LAK) (the "SDNY Matter")). (D.E. No. 7, the "Motion"). On July 18, 2012, Magistrate Judge Cathy Waldor issued a Report and Recommendation recommending that this Court grant the Motion. (D.E. No. 38, the ("R&R")). Magistrate Judge Waldor advised the parties that they had fourteen days to file and serve any objections to the R&R pursuant to Local Civil Rule 72.1(c)(2). Patton Boggs LLP ("Plaintiff") filed a timely objection on August 1, 2012. (D.E. No. 21, Plaintiff Patton Bogg's Objections to Magistrate Judge Waldor's July 18, 2012 Report and Recommendation ("Pl. Obj.")). On August 15, 2012, Defendant filed a response to Plaintiff's objection. (D.E. No. 40, Defendant Chevron Corporation's Response to Plaintiff Patton Bogg's Objections to Judge Waldor's July 18, 2012 Report and Recommendation to Transfer the Action to the Southern District of New York ("Def. Response")). Plaintiff filed a letter responding to Defendant's submission on August 23, 2012. (D.E. No. 41).

      As an initial matter, the R&R set forth all of the salient facts leading up to the filing of the Motion. At the same time that Chevron filed the Motion, Chevron also filed a motion to exonerate the preliminary injunction bond (the "Bond") before Judge Kaplan. (D.E. No. 17-2, Memorandum Opinion (the "Opinion")). The Bond and the preliminary injunction are at the heart of the claims in the instant litigation.[1]  Plaintiff is not a party to the litigation before Judge

---

[1] The Amended Complaint (D.E. No. 9, ("Am. Compl.")) sets forth four causes of action: (Count One) Execution of Federal Bond against Chevron, (Am. Compl. ¶¶ 45-49); (Count Two) Attorney's Fees for "resisting, and attempting to have lifted, an unlawful restraint," (*Id.* at ¶ 53); (Count Three) Malicious Prosecution relating to Chevron's application for a preliminary injunction, (*Id.* at ¶¶ 55-63); and (Count Four) Unjust Enrichment also relating to Chevron's application for a preliminary injunction, (*Id.* at ¶¶ 64-67).

Kaplan and did not make an appearance or intervene in the motion to exonerate. On April 2, 2012, Judge Kaplan ordered that the bond be exonerated and discharged. (*Id.* at 8). In the Opinion, Judge Kaplan found that: "[N]one of the defendants nor, for that matter, anyone else has submitted to this Court any claim for damages against the bond. Nor could any properly have done so." (*Id.* 5).

Plaintiff objects to the R&R because (1) transferring this action would go "against all tenets of fairness and justice," (Pl. Obj. 6-8); (2) this litigation is not duplicative of the SDNY Matter, (*id.* at 8-10); and (3) the SDNY has no particular familiarity with the facts or legal questions of this lawsuit, (*id*. at 10-11). In response, Chevron argues that (1) the R&R thoroughly analyzes the factors relevant to the transfer analysis, (Def. Response 7-11); (2) transfer would serve the "interests of justice" because it furthers "judicial economy" and eliminates possible inconsistent results, (*id.* at 11-13); and (3) the "first-filed" rule provides an independent basis to transfer, (*id.* at 14-15).[2]

The Court disagrees with Plaintiff and finds that Judge Waldor's analysis is sound and well-reasoned. Judge Waldor considered the factors in the 28 U.S.C. § 1404(a) analysis and found that both the public and private factors weigh in favor of transfer. The Court adopts Judge Waldor's legal conclusions. Nonetheless, the Court will address each of Plaintiff's objections.

Plaintiff argues that the R&R ignored the fact that Judge Kaplan has already denied Plaintiff any right of recovery stemming from the issuance of the unlawful restraints in the Opinion. (Pl. Obj. 7). Therefore, if the Court transfers this matter to the SDNY, Plaintiff alleges that it will no longer be able to pursue its claims. (*Id*.). Plaintiff criticizes Judge Waldor's detailed consideration of the factors in the § 1404(a) analysis, arguing that she ignored the fact that transferring this case could "sound the death knell for [Plaintiff's] claims." (*Id.*).

The Court is not convinced by Plaintiff's argument. As Chevron aptly points out, Plaintiff has not cited a single case which requires this Court to consider how the SDNY will treat this matter upon transfer. (Def. Response 11). Neither the public nor the private interests require the Court to consider this issue. Moreover, even if the Court were to consider this factor as part of the analysis, the Court finds that it does not overcome the other factors that weigh in favor of transfer, such as where the claim arose and Judge Kaplan's detailed knowledge of the facts underlying this action. (*See* R&R 10-11, 13-15). Although Plaintiff contends that Chevron engaged in "jurisdictional maneuvering," the Court finds that it is Plaintiff who is guilty of such tactics. It appears that Plaintiff strategically avoided an appearance in the SDNY Matter when Chevron filed its motion to exonerate the bond. (Opinion 6-7). Plaintiff had the opportunity to make its arguments against exoneration and chose not to.[3] Plaintiff must live with the effects of

---

[2] The R&R does not address the arguments related to the first-filed rule. Because the Court adopts the R&R's legal conclusions, the Court need not consider the first-filed rule.

[3] Judge Kaplan noted that although Plaintiff was not a party to the SDNY Matter, Plaintiff was nonetheless served with the motion to exonerate the bond and chose not to interpose a claim despite the fact that its rights could be impacted. (Opinion 6). Judge Kaplan went on to state that Plaintiff "must live with the consequences of their tactical decision to forgo that opportunity." (*Id*.) In spite of Plaintiff's tactical decision, Judge Kaplan considered Plaintiff's legal rights (although he did not need to) and stated that Plaintiff "has no legally sufficient claim on the

its strategy. As such, the Court finds Plaintiff's argument unavailing. The Court has grave concerns about potential inconsistent or duplicative orders should this matter remain in the District of New Jersey. This leads the Court to conclude that principles of fairness and judicial economy weigh in favor of transfer.

Plaintiff also argues that the Court should not transfer this matter because this litigation is not duplicative of the SDNY Matter. (Pl. Obj. 8-10). Similarly, Plaintiff also contends that Judge Kaplan does not have a particular familiarity with the claims underlying this action. (*Id.* at 10-11). The Court need not spend much time on these arguments as it is clear to this Court that this matter and the SDNY Matter are closely related. As noted above, all four counts of the Amended Complaint either relate to the Bond or the preliminary injunction issued by Judge Kaplan. Moreover, Plaintiff's submission further proves this point. Plaintiff states that the issues in this case relate to whether Plaintiff is entitled to recover monetary damages and attorney fees from the issuance of the preliminary injunction. (Pl. Obj. 9). Plaintiff's breakdown of the issues before this Court all relate to the preliminary injunction issued by Judge Kaplan. It belies logic as to how the issues between the SDNY Matter and this case would not overlap. As Judge Waldor stated:

> If the Court were to deny Chevron's Motion to Transfer, we would be required to duplicate that effort, thus guaranteeing a less expeditious resolution of this long pending matter. Moreover, it would be a gross waste of judicial resources for this Court to . . . interpret the scope and purpose of the injunction bond Judge Kaplan issued when Judge Kaplan could simply do it himself.

(R&R 14). Moreover, it is also clear that Judge Kaplan is extremely familiar with the facts underlying this lawsuit. As Judge Waldor noted, Judge Kaplan's 131-page opinion granting the preliminary injunction[4] demonstrates an intimate knowledge of the facts underlying this litigation. (R&R 14). Therefore, Plaintiff's arguments do not persuade the Court that the R&R is incorrect.

The Court has considered all of the submissions, as well as the R&R, and for the reasons stated therein,

IT IS on this 14th day of December 2012,

ORDERED that the Report and Recommendation of Magistrate Judge Waldor is adopted as the conclusions of law of this Court; and it is further

ORDERED that Chevron's motion to transfer is granted; and it is further

---

bond – either there [the District of New Jersey] or here – because the bond runs in favor only of the defendants in this action." (*Id.* at 7).

[4] *Chevron v. Donzinger*, 768 F. Supp. 2d 581 (S.D.N.Y. 2011).

      ORDERED that the Clerk of the Court shall terminate Docket Entry Nos. 7 and 38[5] and mark this matter closed.

      **SO ORDERED**.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**

---

[5] The Court notes that Chevron filed a motion to dismiss and a motion to stay after it filed the instant motion to transfer.  (*See* D.E. Nos. 22, 32).  In light of the Court's ruling, the two motions are rendered moot and may also be terminated.