UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
PATTON BOGGS LLP,

                       Plaintiff,

        -against-                                       12 Civ. 9176 (LAK)

CHEVRON CORPORATION,

                       Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/31/14
```

## ORDER

LEWIS A. KAPLAN, *District Judge.*

        Defendant Chevron Corporation ("Chevron") moves for leave to file counterclaims against defendant Patton Boggs LLP ("PB"). PB resists the motion, arguing that there is neither diversity nor supplemental jurisdiction, that Chevron delayed unreasonably in seeking leave to amend and that the proposed counterclaims would split claims impermissibly, and that the proposed counterclaims would not withstand a motion to dismiss.

        1.      PB's complaint in this case, like its complaints in two other actions it previously brought against Chevron, alleges *inter alia* that diversity of citizenship exists between PB and Chevron. *E.g.*, Cpt ¶ 40. It now seeks to disavow the accuracy of its own allegations by claiming that a number of its partners reside in foreign countries where it has offices and that they therefore are "stateless persons" for diversity purposes. The difficulties with this argument are at least three.

        First, PB's own allegations of the existence of complete diversity as between it and Chevron are *prima facie* evidence of the existence of complete diversity. Its current denials do no more than raise an issue of fact that cannot be resolved on this motion.

        Second, as the PB partners all in question at least arguably were domiciliaries of states of the United States (other than states of which Chevron is a citizen), PB's argument that they are stateless persons necessarily depends upon a contention that these individuals changed their domiciles when they took up residence in the vicinity of PB's foreign offices. In order to defeat diversity jurisdiction here, at least one would have to sustain the burden of proving by clear and convincing evidence that he or she intended to give up his or her old domicile and take up domicile in a foreign country. *Palazzo ex rel. Delmage v. Corio,* 232 F.3d 38, 42 (2d Cir. 2000). That burden

has not been sustained here.

Third, the claim of foreign domicile in respect of these individuals is supported only by the declaration of PB's general counsel, who has not demonstrated personal knowledge of all of the myriad of facts concerning each of the alleged "stateless" partners that would go into a determination of whether they in fact are stateless as opposed to domiciliaries of states of the United States.

Accordingly, the Court will not deny leave to amend on the ground that there is no subject matter jurisdiction. In the present posture, it is not even necessary to consider the matter of supplemental jurisdiction, which would be superfluous if diversity jurisdiction exists as Chevron alleges.

2. Leave to amend is to be granted freely. *Foman v. Davis,* 371 U.S. 178 (1962). In our Circuit, delay alone is not a sufficient basis for denying leave. *E.g., Ruotolo v. City of New York,* 514 F.3d 184, 191 (2d Cir. 2008). Nor has there been unreasonable delay here. Moreover, PB has not been prejudiced by any delay and, for the reasons set forth in Chevron's memorandum of law, its claim splitting argument is without merit. Among other things, PB's argument, made before the trial of *Chevron Corp. v. Donziger,* 11 Civ. 0691 (LAK), necessarily failed to take account of the fact that the Court there explicitly declined to make findings concerning PB's culpability precisely because PB was not a party to that case and those issues would be presented here. Opinion, 11 Civ. 0691 [DI 1874] at 175, 389 n. 1472.

The Court has considered PB's other arguments and concluded that they lack merit save that it correctly notes that the proposed fraud counterclaim does not sufficiently allege detrimental reliance by Chevron on any actionable misrepresentation or omission directed to it. Accordingly, Chevron's motion for leave to assert counterclaims [DI 58] is granted in all respects. The counterclaims are deemed served as of this date. PB's response shall be served and filed no later than April 17, 2014.

SO ORDERED.

Dated:    March 31, 2014

_____
Lewis A. Kaplan
United States District Judge