EXHIBIT E



May 19, 2014

Mr. Edward J. Newberry
    Managing Partner, Patton Boggs
Mr. Charles E. Talisman
    General Counsel, Patton Boggs

Dear Sirs:

We write in reference to your firm's settlement agreement with Chevron, dated May 7, 2014. We have further considered the agreement and remain extremely perturbed by its provisions. We require you not to pursue or further engage in a course of action which you must be aware is extremely likely to cause us, your former clients, very considerable damage and prejudice.

It appears to us that your settlement agreement wholly aligns you with Chevron; in particular it would align you with the various actions and steps they have taken to interfere with our rights, including our right to be fairly represented and to raise money to achieve that end, and with the serious and unlawful steps they have taken to interfere with and prejudice the due administration of justice, witnesses, our lawyers and funders. This has been the position of your law firm as assured us by your own lawyers, and demonstrated by your own court filings, until the public announcement of this agreement.

While we respect the right of Patton Boggs to make an appropriate withdrawal from its representation, we believe the manner in which the firm is trying to effectuate this withdrawal is in direct breach of contract and the retainer, and violates various provisions of the Code of Professional Ethics; it also imposes the most serious prejudice on the Ecuadorian villagers. It has quite clearly been done solely in pursuit of your own interests, for your own purposes and to enable you to conclude the now public merger negotiations you have been engaged in and with no regard for our rights and interests. It is Chevron's oppressive threats and actions that have prevented you from merging without this settlement. We accordingly believe the settlement to be unlawful and invalid. We, your former clients, continue to reserve all our rights.



In the meantime, to protect our interests and mitigate any damage made by your firm's withdrawal, we insist that Patton Boggs take the following steps immediately and without delay:

1. Patton Boggs should turn over all client files and all copies of such files related to the Ecuador litigation, including electronic and written correspondence, communications, advice, notes, attendance notes, research and analysis. These client files are the property of the clients. Patton Boggs no longer retains any lien on those files given that it has assigned and/or waived all of its rights to any fees. We do not agree to you keeping copies, but will undertake not to delete or destroy anything you hand over to us.

2. That you bear the reasonable cost of this process given that the clients are indigent and do not have counsel. These files should be turned over and delivered to Juan Pablo Sáenz in Quito with a copy to Aaron Page, a U.S. lawyer who lives in the metropolitan area of the District of Columbia. We understand you have been talking to Mr. Page about this already. We want this part of the process to finish forthwith.

3. That Patton Boggs provide a written undertaking to us that it will not turn over information to Chevron that belongs to the clients, whether confidential or not, that is covered by, or the subject matter of, the attorney-client relationship. This covers both disclosure and depositions. We expressly require you not to proceed with either disclosure or depositions and to undertake that you will not do so.

4. There are at least two fundamental problems with the relevant provisions of your agreement: we believe they violate your firm's duties including its duty of confidentiality to its clients, and we believe it is now virtually impossible for us to protect our privileges and confidentiality given that we are devoid (as a direct result of your firm's withdrawal) of competent counsel to do so on our behalf. At a minimum, should the agreement be implemented, we believe it would be entirely appropriate for Patton Boggs to pay the legal fees of independent counsel, to be chosen by the communities, to help protect our rights in respect of the proposed "discovery" process voluntarily agreed to by your firm that is causing us such prejudice. Please confirm by return that you will do so to the extent of a minimum of $150,000. We note this amount represents a small fraction of the amount your firm has agreed to pay Chevron so it will cease its pressure campaign against your law firm.



5. It is clear to us from the settlement that Patton Boggs agreed to a "discovery" process that violates the right to confidentiality of your former clients in foreign enforcement jurisdictions where litigation against Chevron is pending. It is incomprehensible, and in clear breach of your professional and contractual obligations, duties and responsibilities, that Patton Boggs voluntarily agreed to "fully cooperate" with Chevron in the disgorging of this information; a fact exacerbated greatly by the fact that we, your former clients, are now defenseless and without counsel due in large part to our inability to raise funds to finance representation, a state of affairs which has been brought about by the oppressive conduct of Chevron and the orders of Judge Kaplan.

6. We ask that you withdraw your statement of "regret" that Chevron apparently demanded as a condition of the settlement. This statement contradicts repeated assurances given to us by lawyers at your firm that Judge Kaplan's decisions and the entire RICO proceedings (*Chevron v. Donziger*) were legally and factually flawed, and were underpinned by the judge's personal animus. You expressly told and advised us that the proceedings were defective and that the record should be preserved as far as possibly in front of a hostile and biased judge as his judgment was highly likely to be overturned on appeal. We dispute that any new information emerged from that trial process that was not previously known to you and would justify the agreement you have reached with Chevron and the position you have taken in the settlement document, or the damaging public statement made by you. In fact, your firm made it entirely clear at all times that you expected Judge Kaplan to rule against the defendants as he was very biased and the proceedings were being conducted in an entirely unfair and oppressive manner.

7. In any event, we believe it is entirely inappropriate for Patton Boggs to rely on that decision to express its "regret" when Judge Kaplan's findings contradict findings by Ecuador's highest courts -- the very courts chosen by Chevron to hear the environmental dispute-- and which (unlike Judge Kaplan) actually heard all of the scientific and other evidence underpinning the finding of liability; are further being contested in this country and in other jurisdictions; and will never be "final" for purposes of foreign enforcement actions, where judges will make independent decisions about the facts. Further, the public statement by Patton Boggs has already caused severe prejudice to us in violation of the ethical rules, and apparently was clearly made, and the settlement entered into, with the prime goal of obtaining an economic benefit for your firm which has been at the expense of your former clients. Again, we ask that you publicly withdraw this statement.



We require that you consider the requests herein as a matter of utmost urgency and respond in full in writing by return. The complaints about the ethical violations contained in this letter are not exhaustive, as we believe there might be other violations as well. At the same time, we require that you provide us with appropriate written undertakings that Patton Boggs will comply with these requests or that you explain in detail why you will not do so.

We intend to hold the firm and its partners responsible for your actions and for any damage we suffer as a result. We believe that in addition to our existing rights and claims, in the event that Judge Kaplan's decision is overturned on appeal, you will not have any argument open to you to defend a very substantial claim against you for damages.

Sincerely,

Humberto Piaguaje Lucitante
Director of UDAPT, Siekopai Leader,

Pablo Fajardo Mendoza          PFM
Procurador Común, Ecuadorian Villagers

Juan Pablo Saenz M.
Counsel, Ecuadorian Villagers

CC: James Tyrrell Jr., Eric Westenberger, Steven Donziger, Aaron Page, David Spears, Julian Jarvis, Adam Bialek.