# Morvillo Abramowitz Grand Iason & Anello P. C.

ELKAN ABRAMOWITZ
RICHARD F. ALBERT
ROBERT J. ANELLO***
LAWRENCE S. BADER
BENJAMIN S. FISCHER
CATHERINE M. FOTI
PAUL R. GRAND
LAWRENCE IASON
STEPHEN M. JURIS
JUDITH L. MOGUL
JODI MISHER PEIKIN
ROBERT M. RADICK***
JONATHAN S. SACK**
EDWARD M. SPIRO
JEREMY H. TEMKIN
RICHARD D. WEINBERG

565 FIFTH AVENUE
NEW YORK, NEW YORK 10017
(212) 856-9600
FAX: (212) 856-9494

www.maglaw.com

WRITER'S CONTACT INFORMATION

(212) 880-9500
eabramowitz@maglaw.com

COUNSEL
RACHEL Y. HEMANI
JASMINE JUTEAU
BARBARA MOSES*

SENIOR ATTORNEY
THOMAS M. KEANE

ROBERT G. MORVILLO
1938-2011
MICHAEL C. SILBERBERG
1940-2002
JOHN J. TIGUE, JR.
1939-2009

*ALSO ADMITTED IN CALIFORNIA AND WASHINGTON, D.C.
**ALSO ADMITTED IN CONNECTICUT
***ALSO ADMITTED IN WASHINGTON, D.C.

May 22, 2014

**VIA ECF**

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007

      Re:    <u>Patton Boggs LLP v. Chevron Corporation</u>, Case No. 12-cv-9176 (LAK)

Dear Judge Kaplan:

      We represent Patton Boggs LLP ("Patton Boggs") in the referenced action (this "Action"). We write in response to the motion by Steven Donziger, Hugo Camacho Naranjo, and Javier Piaguajue Payaguaje ("Proposed Intervenors") seeking to intervene in this action and requesting reconsideration (the "Motion") of this Court's May 7, 2014 order, which "so ordered" the stipulation of dismissal between Patton Boggs and Chevron Corporation ("Chevron") in this Action. *See* Dkt. 81.

      There is no need for the requested intervention because the Settlement Agreement between Patton Boggs and Chevron (the "Settlement Agreement") already has established procedures to provide the Proposed Intervenors the discovery protections that they purport to seek, subject to supervision by this Court. Accordingly, the Motion's request for intervention should be summarily dismissed as moot. The remaining requests of the Motion are facially defective, and the request for reconsideration accordingly should be summarily denied. Alternatively, we respectfully request that the Court set a prompt briefing schedule on the Motion, and grant Patton Boggs leave to submit supporting declarations demonstrating the falsity of Proposed Intervenors' claims.

      First, with respect to the request for intervention to challenge the Settlement Agreement entered into between Patton Boggs and Chevron in connection with this Action, only one of Proposed Intervenors' objections actually relates to this Action. That objection relates to the limited discovery that Patton Boggs has agreed to provide pursuant to the Settlement

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Lewis A. Kaplan
May 22, 2014
Page 2

Agreement. Proposed Intervenors ignore the fact that Patton Boggs' discovery obligations are sharply limited and expressly "subject to all applicable Rules of Professional Conduct." *See* Settlement Agreement § 5(c). Moreover, as the Proposed Intervenors concede, the Settlement Agreement provides that the LAPs, including Piaguaje and Camacho, will be given notice of the discovery to be taken and will have an opportunity to assert any applicable privileges. Any disputes concerning such discovery will be adjudicated by this Court as they would be in any litigation before it. Proposed Intervenors have no basis to object to the discovery, which is far more limited than it would have been had litigation of this Action proceeded, given that they will have an opportunity to be heard when and if any issue relating to the discovery arises.

Accordingly, the Motion is moot to the extent that it seeks intervention because, through the Settlement Agreement, Patton Boggs already has provided all of the rights and relief that Proposed Intervenors seek with respect to future discovery. Moreover, until discovery requests are served, Proposed Intervenors' potential objections to such discovery are not ripe.

Proposed Intervenors' other objections – concerning an alleged improper withdrawal by Patton Boggs from representation of the LAPs – are facially defective because they relate to matters that are not at issue in this Action and are not before this Court. Patton Boggs has behaved ethically in all respects, including with respect to its decision to conclude its limited attorney-client relationship with the LAPs (which Proposed Intervenors concede took place well before the date of the Settlement Agreement (*see* Fajardo Decl. ¶7) and its entry into the Settlement Agreement). Because those remaining issues are not before this Court, the Motion should be denied summarily to the extent that it seeks "reconsideration" of issues beyond the limited discovery that Patton Boggs has agreed to provide pursuant to the Settlement Agreement.

Given that there is no relief that Proposed Intervenors could hope to achieve through this Motion, it seems clear that the objective of the Motion is simply to generate publicity and cast a cloud over Patton Boggs. In light of that, Patton Boggs respectfully requests that the Court give this matter expedited consideration. In the event that the Court determines that it requires further briefing, however, we respectfully request that it set a briefing schedule in accordance with Rule 6.1 of the Local Rules.

We thank your Honor for your consideration.

Respectfully,

Elkan Abramowitz

MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C.

Honorable Lewis A. Kaplan
May 22, 2014
Page 3

cc (via e-mail):

Randy M. Mastro, Esq.
Anne Champion, Esq.
James K. Leader, Esq.
Steven Donziger, Esq.