**STEVEN R. DONZIGER, ESQ.**

245 WEST 104TH STREET, SUITE 7D
NEW YORK, NEW YORK 10025

212-570-4499 (O)
917-566-2526 (CELL)

May 23, 2014

Honorable Lewis A. Kaplan
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007-1312

   RE:   *Chevron v. Donziger*, Case No. 11 Civ. 691 (LAK)

Dear Judge Kaplan,

Proposed Intervenors write in response to Patton Boggs' letter of May 22, 2014 [Dkt. 83]. Following the extraordinary series of events that have played out over the last few weeks, Patton Boggs' dismissive response to the Proposed Intervenors' request that they simply be *heard* in opposition to this troubling settlement only underscores the firm's lack of concern for its former clients. It is disappointing enough that Patton Boggs failed to properly notify its clients of the settlement or the withdrawal, publicly expressed regret at ever having represented its Ecuadorian clients, and unilaterally negotiated a procedure for divulging confidential information to their adversary. Now that the clients have come forward to speak for themselves, Patton Boggs says, the courtroom door should be slammed in their faces.

The overriding theme of Patton Boggs's response is that the Court should "summarily" and "prompt[ly]" dispose of the Proposed Intervenors' request, presumably so that Patton Boggs can get on its with its planned merger and thereby protect its own financial interests[1]—not because summary dismissal is the most appropriate method of adjudicating the serious ethical concerns raised. It adds insult to injury to suggest that the clients do not deserve a chance to brief the grave issues presented and have them decided with due deliberation. The ethical issues identified in the motion to intervene raise serious and troubling legal and factual issues; the Proposed Intervenors are entitled, at the very least, to the opportunity to brief those issues.

Patton Boggs' response focuses on the privilege and confidentiality objections because it apparently believes they have been resolved by the settlement's provision allowing Proposed Intervenors to assert applicable privileges. But this betrays a profound

---

[1] *See, e.g.,* Elizabeth Olson, *Potential Partner for Patton Boggs Suspends Merger Vote*, New York Times, May 22, 2014, *at* http://dealbook.nytimes.com/2014/05/22/potential-partner-for-patton-boggs-suspends-merger-vote/.

Hon. Lewis A. Kaplan
May 23, 2014
Page 2 of 2

misunderstanding of the firm's ethical obligations. Patton Boggs is under a continuing, non-delegable duty to protect the confidential information of its former clients, a duty that cannot be foisted off onto some other hypothetical attorney.

Moreover, the provision rings hollow precisely because Patton Boggs did not withdraw from the representation in a way that allowed the clients sufficient time to find other counsel. As detailed in the intervention motion and accompanying declaration, the ethical concerns raised by the settlement go well beyond confidentiality and privilege. Patton Boggs failed to communicate with its clients, failed to obtain consent to a manifest conflict of interest, and failed to withdraw in the manner required by the rules. Patton Boggs' response does not acknowledge that the Proposed Intervenors have identified violations of Rules 1.4, 1.7, and 1.16—ethical violations separate and distinct from confidentiality and privilege.

Thank you for the consideration.

Sincerely,

/s/

Steven R. Donziger